IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LUCRETIA BURKARD,  CV. 09-1073-PK

        Plaintiff,  OPINION AND ORDER

v.

COMMISSIONER of Social
Security,
        Defendant.

PAPAK, Magistrate Judge:

      Plaintiff Lucretia Burkard filed this action against defendant Commissioner of Social Security, seeking judicial review of the Commissioner's decision finding her not disabled for purposes of entitlement to disability insurance benefits under the Social Security Act. On December 7, 2010, this court recommended the district court reverse the Commissioner's final decision, remand for determination of benefits, and enter a final judgment pursuant to sentence four of 42 U.S.C. § 405(g). (#23.) On February 7, 2011, the district court adopted this court's

Page 1 - OPINION AND ORDER

recommendation. (#24.) Now before the court is Burkard's unopposed motion (#26) for attorney fees. For the reasons set forth below, Burkard's motion is granted, and she is awarded attorney fees in the total amount of $7,010.77.

## ANALYSIS

### I. Plaintiff's Entitlement to Award of Attorney Fees and Costs

Burkard seeks attorney fees pursuant to the Equal Access to Justice Act (EAJA). The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Moreover, the definition of a "party" eligible to seek fees under § 2412 includes, in relevant part, "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B)(i). Finally, a plaintiff who obtains a remand order under sentence four of 42 U.S.C. § 405(g) must file an application for EAJA fees within thirty days of the expiration of the time for appeal. *Shalala v. Schaefer*, 509 U.S. 292, (1993). Where no "final judgment" has been formally entered following the remand order, however, "the time to file an EAJA petition has not run." *Holt v. Shalala*, 35 F.3d 376, 380 (9th Cir. 1994).

Here, it is undisputed that Burkard falls within the scope of § 2412(d). Moreover, the record establishes that no final judgment has been formally entered and thus Burkard's application is timely. *See Yang v. Shalala*, 22 F.3d 213, 216 (9th Cir. 1994) (district court's

Page 2 - OPINION AND ORDER

remand order adopting a magistrate's recommendation is not a separate document constituting an entry of final judgment). By failing to oppose Burkard's motion, the Commissioner also tacitly concedes that Burkard was the prevailing party and that the government's position was not substantially justified. Burkarhd is therefore entitled under the EAJA to her attorney fees and costs reasonably incurred in connection with this action.

## II. Attorney Fees

Courts begin their analysis of a reasonable attorney fee by calculating the "lodestar," which is the "number of hours expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-564 (1986). Here, Burkard relied on the services of attorneys Tim Wilborn and Betsy Stephens. According to the time records submitted in support of Burkard's petition, Betsy Stephens expended 23.75 hours on Burkard's case in 2010, while Tim Wilborn expended 5.4 hours in 2009, 8.85 hours in 2010, and 2.1 hours in 2011. Burkard requests that both attorneys be compensated at an hourly rate of $174.24 for hours expended in 2009, $175.06 for hours expended in 2010, and $177.96 for hours expended in 2011. In total, Burkard seeks an award of $7,01.78 in attorney fees.

### A. Hours Reasonably Expended

"The district court has a great deal of discretion in determining the reasonableness of the fee." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The fee claimant bears the burden to demonstrate that the number of hours spent was reasonably necessary to the litigation and that counsel made a "good faith effort to exclude from [the] fee request hours that are excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989).

Page 3 - OPINION AND ORDER

Moreover, the fee claimant must also "submit evidence supporting the hours worked . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

Here, my analysis of the time records submitted in support of Burkard's petition establishes that the time her counsel expended in litigation was reasonable. I therefore find that Burkard is entitled to compensation for all 40.10 hours expended by her attorneys in the course of this litigation.

### B.   Reasonable Rate

Pursuant to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Courts calculate "cost-of-living increases . . . by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI-U") for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of EAJA's $ 125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876-877 (9th Cir. 2005).

Here, as noted above, Burkard seeks an hourly rate of $172.24 for work performed in 2009, $175.06 for work performed in 2010, and $177.96 for work performed in 2011. Burkard does not seek any "special factor" increase in the statutory rate cap, but she does apparently seek adjustment based on increases in cost of living. I take judicial notice that the applicable statutory rate cap as adjusted for increases in cost of living is $172.24 in 2009, and $175.06 in 2010. Statutory Maximum Rates Under the Equal Access to Justice Act, *available at*

Page 4 - OPINION AND ORDER

http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 2, 2011). The CPI-U for the Western States is 227.837 for April 2011 and 156.4 for March 1996, resulting in $182.09 as the applicable statutory rate cap as adjusted for increases in cost of living through April 2011, the most recent month for which data is available. Consumer Price Index Detailed Report Tables, U.S. Department of Labor, Bureau of Labor Statistics, *available at* http://www.bls.gov/cpi/tables.htm (last visited June 2, 2010). Because the adjusted rate caps either equal or exceed the rate that Burkard has requested, the requested rates are necessarily reasonable for EAJA purposes.

### C.   Calculation and Adjustment of the Lodestar Figure

The product of 5.4 hours reasonably expended by Burkard's counsel in 2009 and the requested hourly rate of $172.24, is $930.10. The product of 32.6 hours reasonably expended by Burkard's counsel in 2010 and the requested hourly rate of $175.06, is $5,706.96. The product of 2.1 hours reasonably expended by Burkard's counsel in 2011 and the requested hourly rate of $177.96, is $373.72. The sum of those three amounts is $7,010.77, which differs from Burkard's calculations by only one cent. Thus, the lodestar calculation results in a total of $7,010.77 in attorney fees reasonably incurred in the course of this litigation. I do not find that adjustment of the lodestar figure is warranted here. I therefore award Burkard $7,010.77 in attorney fees.

///

///

///

///

///

## CONCLUSION

For the reasons set forth above, Burkard's motion (#26) is granted, and the Commissioner is ordered to pay Burkard's attorney fees in the amount of $7,010.77.

Dated this 3rd day of June, 2011.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge