UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| LUCRETIA BURKARD, | Civil No. 3:09-1073-PK |
|     Plaintiff, | ORDER |
|     v. | |
| COMMISSIONER of Social Security, | |
|     Defendant. | |

HAGGERTY, District Judge:

On February 7, 2011, this court entered a Judgment remanding this matter to the Commissioner for the calculation and award of benefits. Plaintiff was awarded $50,482.00 in retroactive benefits. Plaintiff's counsel now moves for a fee award totaling $12,620.50, which represents twenty-five percent of that award. No objections have been raised by the Commissioner to this fee motion, however, this court has the duty to ensure that the fee award being sought is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, plaintiff's counsel's Motion [32] for the approval of attorney fees is granted in part.

1 -- ORDER

**DISCUSSION**

After entering a judgment in favor of a Social Security claimant, the court may award a reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total amount of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). A § 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves both a § 406(b) fee payment and a fee pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

Under *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. Here, plaintiff's counsel and his client executed a fee agreement providing that counsel's fee following a favorable outcome from this court would equal twenty-five percent of any past-due benefits received. This agreement is within the statutory limits.

The next step is to confirm that the fee counsel seeks does not exceed § 406(b)'s twenty-five percent ceiling. The requested fee in this case represents twenty-five percent of plaintiff's total retroactive benefits award.

Finally, this court must perform an independent check to ensure that the fee award is reasonable in this specific case. *Gisbrecht*, 535 U.S. at 807. This court may reduce a contingent fee in cases in which the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case. *Id.* at 808. In deciding the reasonableness of the fee, the court should consider: (1) the character of the representation; (2)

2 -- ORDER

the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney will receive an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009). The burden rests with the plaintiff's counsel to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.

The record in this case provides no basis for a reduction in the requested § 406(b) fee based on the character of counsel's representation, the results achieved, or any delays. Plaintiff's counsel presented sound arguments in his briefing that resulted in a remand for the calculation and award of benefits for his client. Counsel received two extensions for filing the briefs on behalf of plaintiff, but it does not appear that the extensions were intended to improperly delay this case.

However, a district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151; *Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order.").

Plaintiff's counsel claims to have worked 40.1 hours on the case. Pl.'s Mem. at 5. Based on the moderate complexity of this case, counsel's hours are reasonable. *See Harden v. Comm'r Soc. Sec. Admin.*, 497 F. Supp. 2d 1214, 1215-16 (D. Or. 2007). In support of his request for a full fee award, counsel explains that the average hourly rate for non-contingent cases in Oregon is between $230 and $249 per hour, that his non-contingent hourly rate for consultant work is $375 per hour, and that a "contingency multiplier" reflecting counsel's average risk in pursuing any social security case must be added to counsel's consultant rate to properly compensate him. *Id.* at 4-5. The Ninth Circuit, however, recently explained that this court must evaluate the

3 -- ORDER

complexity and risks of the *specific* case at issue, and cannot accept a plaintiff's counsel's justifications for a fee award that refer to general policy considerations or the general risks involved in litigating social security cases. *Stokes v. Comm'r of Soc. Sec. Admin.*, No. 10–35628, 2011 WL 1749064, at *1 (9th Cir. May 9, 2011) (quoting *Crawford*, 586 F.3d at 1153).

The court recognizes that counsel undertook some risk in agreeing to represent plaintiff on a contingency basis, and acknowledges that he successfully obtained benefits for his client. The issues in this case were straight forward, and counsel has presented no evidence that this matter was particularly risky or complex. After examining the docket, the briefing presented, and the hours claimed by counsel, this court concludes that counsel has made an adequate showing that a fee award of twenty-three percent of claimant's retroactive benefits is reasonable. This fee will reasonably compensate counsel for his work on this case, and will prevent a potential disproportionate loss of benefits to plaintiff and an unwarranted windfall to counsel. *See Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

## **CONCLUSION**

For the reasons stated, counsel's Unopposed Motion for Attorney Fees [32] is granted in part. Counsel is entitled to $11,160.86 in § 406(b) fees, representing twenty-three percent of plaintiff's retroactive benefits recovery. Counsel's previous EAJA fee award of $7,010.77 shall be deducted from his § 406(b) award. *See Gisbrecht*, 535 U.S. at 796.

IT IS SO ORDERED.

DATED this 22nd day of July, 2011.

                                          /s/ Ancer L. Haggerty
                                            Ancer L. Haggerty
                                      United States District Judge